Ross T. Johnson
ODEGAARD KOVACICH SNIPES, P.C.
P.O. Box 2325
Great Falls, MT  59403
(406) 222-2222

Attorney for Plaintiff



2021 JUL -9 AM 9:07

FILED

MONTANA EIGHTH JUDICIAL DISTRICT COURT,
CASCADE COUNTY

| | |
|---|---|
| SHERRI JUDISCH, | CAUSE NO. BDV-21-0381 |
| Plaintiff, | ELIZABETH A. BEST |
| vs. | **COMPLAINT AND JURY DEMAND** |
| NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY; and DOES 1-10 INCLUSIVE | |
| Defendants. | |

COMES NOW Plaintiff, Sherri Judisch, demanding trial by jury, and for her complaint against Defendant, alleges as follows:

## PARTIES

1.

At all times relevant herein, Plaintiff, Sherri Judisch (hereafter "Sherri" or "Plaintiff"), is and was a natural person and resident of Pondera County in the State of Montana.

2.

Defendant, National Farmers Union Property and Casualty Company (hereafter "Farmers Union" or "Defendant"), is an insurance company incorporated under the laws

1

of Colorado, has its principal place of business in Greenwood Village, Colorado, and was and is an insurer authorized to do business, and doing business, in the State of Montana.

3.

At all times relevant herein, Plaintiff was a named insured on an insurance policy issued to her and her husband by Farmers Union bearing Policy No. 1PA0589900 (hereafter "the Policy"), effective policy period of March 11, 2013, to March 11, 2014, which provided underinsured motorist (hereafter "UIM") insurance coverage in the amount of $100,000 per person or $300,000 per accident on their family's vehicles.

4.

On July 10, 2013, Plaintiff sustained injuries as a result of a motor vehicle crash in Cascade County, Montana.

5.

The true names and capacities of the Defendants named herein as Does 1-10, inclusive, are unknown to Plaintiff at this time, who therefore brings this action against said Defendants by fictitious name. Plaintiff will seek leave to amend the complaint to state the true names and capacities of Defendants Does 1-10 when the same have been ascertained, together with further charging allegations, as appropriate. Plaintiff is informed, believes, and thereon alleges that each of said fictitiously named Defendants may be legally responsible in some manner for the occurrences alleged herein and that Plaintiff's damages as alleged herein may have been proximately caused in part by unlawful acts or omissions of said fictitiously named Defendants.

## JURISDICTION AND VENUE

6.

Jurisdiction in this Court is proper because Defendant Farmers Union entered into an insurance contract with Plaintiff, the performance of which was to be performed in the State of Montana and it further engaged in conduct that resulted in the accrual of a tort action in Montana.

7.

Venue is proper in Cascade County under Mont. Code Ann. § 25-2-121(2) because Defendant Farmers Union breached its contract of insurance and Plaintiff's underlying injury occurred in Cascade County.

## GENERAL ALLEGATIONS

8.

On July 10, 2013, Plaintiff was traveling east on Highway 87/89E near mile marker 75 in Cascade County, Montana. Plaintiff was operating the vehicle. Plaintiff was fully stopped in a work zone behind a line of cars which were waiting for a pilot car to escort them through the work zone. Plaintiff's car was the last one in line. While Plaintiff was stopped and waiting, another motor vehicle, operated by Donald Anderson, collided with the rear of the vehicle at a high rate of speed. Mr. Anderson was cited for careless driving in violation of Mont. Code Ann. § 61-8-302(1).

9.

At the time of the crash, Mr. Anderson had an automobile insurance policy with Mountain West Farm Bureau Insurance (hereafter "Anderson's insurer") with bodily

injury liability limits of $100,000 per person, or $300,000 per claim. There were four occupants in the vehicle at the time of the crash.

10.

Plaintiff was seriously injured in the subject crash, necessitating medical treatment for injuries to her neck, back, and left knee. As a result of the crash, she has suffered, and will continue to suffer, severe pain and disability, mental anguish, loss of established course of life, and has and will continue to incur medical and related expenses.

11.

In December 2015, Anderson's insurer paid Plaintiff the bodily injury liability limits under Mr. Anderson's policy and, in exchange and with Farmers Union's consent, Plaintiffs provided Mr. Anderson with a release of claims.

12.

At the time of the subject crash, Plaintiff was insured under the Policy.

13.

The Policy constituted a legal and binding contract between the Judisch family and Farmers Union.

14.

Mr. Anderson's bodily injury limits of $300,000 per occurance are inadequate to compensate Plaintiff for her injuries and damages. Plaintiff's injuries and damages exceed the bodily injury policy limits of Mr. Anderson's Mountain West Farm Bureau policy.

## **COUNT I - BREACH OF CONTRACT**

15.

Plaintiff realleges Paragraphs 1 though 14 of this Complaint and adopts the same as if fully set forth in this cause of action.

16.

Pursuant to the Policy, and Montana law, Farmers Union "stands in the shoes" of Mr. Anderson, the at-fault driver of the subject crash, as to any liability he has for the injuries and damages caused by the subject crash. Farmers Union is, therefore, obligated to compensate Plaintiff for any and all damages she is legally entitled to recover as compensatory damages from Mr. Anderson as a result of that crash.

17.

Plaintiff has complied with all of the Policy's terms.

18.

Plaintiff timely submitted her UIM claim to Farmers Union, and timely provided all medical records and medical bills supporting their damage claims.

19.

By letter dated March 4, 2016 Plaintiff requested payment at the UIM policy limits under the Policy and provided adequate proof that her general and special damages stemming from the subject crash exceeded the combined bodily injury limit amount of Mr. Anderson's Mountain West Farm Bureau policy and the UIM limit of the Policy.

20.

In a letter dated June 28, 2021, five years later, Farmers Union stated that they believe Plaintiff has been fully compensated for her damages and failed to adequately evaluate her claim.

21.

Farmers Union has breached its contract with the Plaintiff and has now forced Plaintiff to file suit to obtain benefits owed to her under the Policy.

## COUNT II - UTPA VIOLATIONS

22.

Plaintiff realleges Paragraphs 1 though 21 of this Complaint and adopts the same as if fully set forth in this cause of action.

23.

This claim is alleged pursuant to Mont. Code Ann. §§ 33-18-242 and -201(4) and (6) of the Montana Unfair Trade Practices Act.

24.

Farmers Union's conduct as alleged herein violates Mont. Code Ann. §§ 33-18-242 and -201(4) and (6), in that Farmers Union:

A. Refused to pay Plaintiff's claim fully and fairly without conducting a reasonable investigation based upon all available information; and,

B. Neglected to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim when liability was reasonably clear.

25.

Farmers Union's unfair and deceptive practices, in violation of Mont. Code Ann. §§ 33-18-242 and -201(4) and (6), directly and proximately caused Plaintiffs to suffer damages and losses.

## COUNT III - DECLARATORY JUDGMENT

26.

Plaintiff realleges Paragraphs 1 though 25 of this Complaint and adopts the same as if fully set forth in this cause of action.

27.

This Complaint seeks declaratory relief pursuant to the Uniform Declaratory Judgment Act, Mont. Code Ann. § 27-8-201, *et seq.*, because an actual controversy exists and Plaintiff needs this Court's declaration of their rights, status, and legal relations with respect to the Policy.

28.

Farmers Union has unlawfully refused to provide insurance coverage due to Plaintiff in the form of UIM coverage without any court action seeking a declaration of its rights and obligations with respect to Plaintiffs under the Policy.

29.

Plaintiff further seeks supplemental relief under Montana law in the form of attorneys' fees and costs incurred as a result of being forced to pursue this declaratory relief and to obtain their rightful benefits under the Policy.

## COUNT IV - BREACH OF GOOD FAITH

30.

Plaintiff realleges Paragraphs 1 though 29 of this Complaint and adopts the same as if fully set forth in this cause of action.

31.

Plaintiff was a first party beneficiary of the insurance contract described above.

32.

Defendant owed Plaintiff a common law duty to deal in good faith and fairly with respect to her lawful claim against the UIM policy proceeds. Defendant was not honest in fact, and failed to deal in good faith with the Plaintiff. The Defendant did not act fairly, honestly, promptly or in good faith with respect to the manner in which it investigated, evaluated, adjusted and refused to settle Plaintiff's claim for contract benefits.

33.

The underlying insurance policy constituted a special circumstance and special relationship contract, according to the laws of Montana.

34.

Plaintiff should be awarded all special, general and punitive damages allowed by law.

35.

As a direct result of the Defendant's violations of the law as set forth above, Plaintiff suffered and will suffer damages including litigation and trial expenses;

attorneys' fees, deposition costs, expert witness fees and costs; travel expenses; lost interest; and aggravation of physical injury and mental distress.

36.

Defendant's actions, as set forth above, constitute actual malice and, therefore, Defendant is liable for punitive damages in an amount to be determined by a jury at the time of trial.

<b><u>JURY TRIAL DEMAND</u></b>

Plaintiff demands a trial by jury on all issues so triable.

<b><u>PRAYER FOR RELIEF</u></b>

1. Damages for past and future medical expenses, doctor's bills and other related expenses;

2. Damages for past and future physical and emotional pain and suffering experienced by Plaintiff;

3. Damages for Plaintiff's past and future loss of established course of life;

4. Damages for Plaintiff's loss of earning capacity;

5. Damages for Plaintiff's loss use of monies;

6. Damages for other economic losses;

7. Damages for breach of the insurance contracts;

8. Damages to compensate Plaintiff for the hardships, costs and emotional distress caused by Defendant's failure to settle this claim in a lawful manner and in good faith and fair dealing;

9. For bad faith damages including, but not limited to, Defendant's violations of § 33-18-201 and § 33-18-242, MCA;

10. Exemplary damages in an amount to punish Defendant for its unlawful and malicious settlement practices and deter other insurance companies from acting in bad faith and against the laws of the State of Montana when dealing with individuals such as Plaintiff;

11. For reasonable attorney fees and litigation expenses that Plaintiff was forced to incur to obtain benefits due under the insurance contracts with Defendant;

12. For pre-judgment interest;

13. For Plaintiff's costs and disbursements herein; and

14. For such other and further relief as the Court may deem just and reasonable under the circumstances.

DATED this 9th day of July, 2021.

ODEGAARD KOVACICH SNIPES, P.C.

By: _____
Ross T. Johnson
P.O. Box 2325
Great Falls, MT 59403
Attorney for Plaintiff